

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 3, 1965

Hon. Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. C-430

Re: Necessity of making a
tender of the witness
fee and six cents per
mile for travel expenses
under facts submitted.

Dear Mr. Wade:

Your letter requesting an opinion of this office reads
in part as follows:

"We are in receipt of the following questions
from the Honorable Moore Lynn, County Auditor of
Dallas County, Texas, which we submit to your of-
fice with the accompanying brief and respectfully
request your opinion:

"1.  In subpoenaing a witness in a civil suit,
who is in fact the party defendant to the
suit, is it necessary to tender said wit-
ness the sum of $1.00 as a witness fee in
order to later be in a position to subject
said witness to the contempt penalties as
set out in Rule 179 of the Texas Rules of
Civil Procedure?

"2.  Alternatively, if the answer to question
No. 1 is 'Yes', then is it necessary in
addition to the $1.00 submitted to the
witness, to further submit the sum of
6¢ per mile for travel expenses in going
to and from the court?"

Article 3708, Vernon's Civil Statutes, provides as
follows:

"Witnesses shall be allowed a fee of
one dollar for each day they may be in attendance

-2035-

on the court, and six cents for every mile they
have to travel in going to and returning there-
from, which shall be paid on the certificate of
the clerk, by the party summoning them; which
certificate shall be given on the affidavit of
the witness before the clerk. Such compensation
and mileage of witnesses shall be taxed in the
bill of costs as other costs."

Rule 179 of the Texas Rules of Civil Procedure provides
in part as follows:

". . .If any witness, after being duly
summoned, shall fail to attend, such witness
may be fined by the court as for contempt of
court, and an attachment may issue against the
body of such witness to compel the attendance
of such witness; but no such fine shall be im-
posed, nor shall such attachment issue in a
civil suit until it shall be shown to the court,
by affidavit of the party, his agent or attorney,
that all lawful fees have been paid or tendered
to such witness."

It is well settled in Texas that a party to a suit is
not entitled to witness fees. Gause v. Edminston, 35 Tex. 69
(1871); Texas Midland R. Co. v. Parker, 66 S.W. 583 (Tex.Civ.App.
1902); Altgelt v. Callaghan, 144 S.W. 1166 (Tex.Civ.App. 1913);
Villanueva v. Rodriguez, 300 S.W.2d 668 (Tex.Civ.App., error ref.
n.r.e. 1957).

The "paid or tendered" clause after the semi-colon in
the last sentence of Rule 179 does not apply to party defendants,
as that portion provides that "all lawful fees" must be paid or
tendered. It is our opinion that no payment or tender is neces-
sary of any sum as a witness fee to the party defendant before
the penalties imposed by Rule 179 become operative if said party
has been duly summoned and failed to appear. The party defendant
is not entitled to a witness fee; therefore, said party subjects
himself to contempt of court or attachment proceedings under Rule
179 if he fails to appear after being duly summoned.

As the answer to your first question is "no," your
second question is also answered in the negative as a party defend-
ant is not entitled to witness fees.

## S U M M A R Y

No payment or tender is necessary of any sum
as a witness fee to the party defendant before the

penalties imposed by Rule 179, Texas Rules of Civil Procedure, become operative if said party has been duly summoned and failed to appear, as a party to a suit is not entitled to witness fees.

Very truly yours,

WAGGONER CARR
Attorney General

By: Gordon Houser
Assistant

GH:cg:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Carlos Vela
Terry Goodman
Robert Norris

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone